HON. BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

KATHRYN E. NIXON,                )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )
                                 )
FRANCISCAN HEALTH SYSTEM,        )
and ATIF MIAN,                   )
                                 )
    Defendants.                  )
                                 )   Case No. 3:11-cv-05076-BHS

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW plaintiff Kathryn E. Nixon, by and through her counsel of record, Terry A. Venneberg, and does state and allege by way of this First Amended Complaint as follows:

*JURISDICTION AND VENUE*

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Washington Law Against Discrimination. This action is also brought against Atif Mian for battery under Washington law.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4), as well as 42 U.S.C. § 2000e-5.  This court has pendant jurisdiction over claims brought under Washington law herein.

3. Plaintiff Kathryn E. Nixon (hereinafter "Nixon") filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and Washington State Human Rights Commission based on sex against Catholic Health Initiatives, defendant's parent corporation, on or about June 7, 2010 complaining of the sex discrimination alleged herein.  Defendant Franciscan Health System has stipulated and admitted that plaintiff has exhausted all administrative remedies under Title VII with respect to this action against defendant Franciscan Health System, by virtue of the above-referenced charge against Catholic Health Initiatives.  On or about January 20, 2011, the EEOC notified Nixon of her right to institute this action by issuance of a Notice of Right to Sue on her charge, and this action was timely filed thereafter.

4. Venue is proper within this District because the unlawful practices complained of herein occurred within the Western District of Washington.

*PARTIES*

5. Plaintiff Nixon is a female over the age of 18 years and is all respects qualified and competent to bring this action.  She was employed by Franciscan Health System at its facilities located in Tacoma, Washington from on or about August 8, 2007, until the termination of her employment on or about April 23, 2010.  She is a resident of the State of Washington.

6. Defendant Franciscan Health System, a non-profit corporation in the health services business, is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).  Upon information

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 2

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

and belief, defendant Franciscan Health System is a Washington corporation, and has the capacity to sue and to be sued.

7. Defendant Atif Mian is, upon information and belief, a male over the age of 18 years and is in all respects qualified and competent to be a defendant in this action. Upon information and belief, Mian is a resident of the State of Washington.

*FACTS*

7. Plaintiff Nixon became employed as a Registered Nurse for defendant Franciscan Health System on or about August 8, 2007. Plaintiff Nixon performed her duties and responsibilities for Franciscan Health System at the corporation's St. Joseph Medical Center facility in Tacoma, Washington. At all times during her employment for defendant Franciscan Health System, plaintiff Nixon performed her duties and responsibilities in a satisfactory manner. Defendant Franciscan Health System has stipulated and admitted that it was the corporate entity that employed plaintiff Nixon in her work at St. Joseph's Medical Center.

8. On January 12, 2010, while performing the duties and responsibilities of her employment at St. Joseph's Medical Center, plaintiff Nixon was touched on her buttocks in an offensive and sexual manner without her consent by defendant Mian, who was contracted to either defendant Franciscan Health Initiatives or its parent corporation, Catholic Health Initiatives, as a physician. Defendant Mian intended to touch plaintiff Nixon in an offensive and sexual manner, placing his entire open hand on her buttocks and sliding it across with a "cupping" motion before ending the touching, and caused plaintiff Nixon to suffer severe emotional distress and trauma as a result of his actions. A co-worker, Leah Schwartz, was present at the time that Nixon was touched in an

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

offensive and sexual manner by defendant Mian, and Nixon immediately informed Schwartz of what had happened.

9. Later that day, plaintiff Nixon informed her immediate supervisor, Cyril Elep, as well as the Human Resources Department of defendant Franciscan Health System, of the offensive and sexual touching committed by defendant Mian.  Plaintiff Nixon was told both by her immediate supervisor and the Human Resources Department that appropriate action would be taken by Franciscan Health System in response to her complaint.

10. In the days that followed the offensive and sexual touching by defendant Mian, plaintiff Nixon informed both her immediate supervisor and the Human Resources Department of defendant Franciscan Health System that she was in fear of seeing defendant Mian in her workplace, in light of the offensive and sexual touching that had taken place.  Despite being informed by plaintiff Nixon that she was in fear of seeing defendant Mian in her workplace, defendant Franciscan Health System took no action to ensure that plaintiff Nixon would not encounter defendant Mian in the workplace, even though her complaint was pending, and no investigation had yet taken place.

11. On or about January 21, 2010, plaintiff Nixon encountered defendant Mian in her workplace at St. Joseph's Medical Center.  Seeing defendant Mian caused plaintiff Nixon to suffer additional and severe emotional distress and trauma, in light of the offensive and sexual touching that had taken place. Plaintiff Nixon was compelled to request medical leave from her employment at defendant Franciscan Health System as a result of the emotional distress and trauma suffered when she saw defendant Mian; the request by plaintiff Nixon for medical leave was granted by defendant Franciscan Health System. The doctors who were providing treatment to plaintiff Nixon for her emotional distress and trauma

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

advised her that she should not return to work at Franciscan Health System until a resolution of her complaint concerning defendant Mian was reached.

12. On or about March 9, 2010, during the medical leave that was taken by plaintiff Nixon to address her emotional distress and trauma, defendant Franciscan Health System informed plaintiff Nixon that the investigation of her complaint regarding defendant Mian had been completed and that she should return to her workplace for a meeting with Human Resources and her immediate supervisor to discuss the results of the investigation. Defendant Franciscan Health System insisted that plaintiff Nixon return to the workplace to receive the results of the investigation without informing plaintiff Nixon as to whether any remedial action had been taken in response to her complaint. Plaintiff Nixon refused to return to the workplace to receive the results of the investigation, as she feared encountering defendant Mian again, and worsening her emotional distress and trauma.

13. On or about April 15, 2010, over three months after plaintiff Nixon had reported the offensive and sexual touching by defendant Mian, and after repeatedly insisting that plaintiff Nixon return to the workplace without knowing the results of its investigation or whether appropriate remedial action had been taken, defendant Franciscan Health System finally informed plaintiff Nixon of the outcome of what it characterized as its investigation of her complaint regarding defendant Mian. Defendant Franciscan Health System informed plaintiff Nixon that its investigation was "inconclusive" and "did not substantiate the behavior" that had been alleged. Defendant Franciscan Health System stated that defendant Mian had denied "the behavior," and that there "were no witnesses" to what had occurred. Defendant Franciscan Health System also stated there had not been "patterned behavior on the part of Dr. Mian that would indicate he would engage in the conduct described by Ms. Nixon."

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

14. Defendant Franciscan Health System failed in its obligation to conduct a prompt, adequate and appropriate investigation of the complaint lodged by plaintiff Nixon. Contrary to the assertion by defendant Franciscan Health System, there were witnesses to be interviewed concerning defendant Mian's actions; plaintiff Nixon's co-worker was present in the room when the offensive and sexual touching took place, and plaintiff Nixon's immediate supervisor received reports of the incident shortly after it had taken place. There was no indication that any person other than defendant Mian was spoken to by defendant Franciscan Health System concerning the allegations made by plaintiff Nixon.

15. Defendant Franciscan Health System also failed to inquire into whether defendant Mian had ever engaged in any other sexual misconduct in the workplace at St. Joseph's Medical Center. Another nurse at the facility, Tara Forslund, had knowledge that defendant Mian had taken pictures of her with his cell phone without her consent. The incomplete and inadequate investigation conducted by defendant Franciscan Health System failed to take this information into account.

16. Defendant Franciscan Health System failed to take any action to protect plaintiff Nixon from contact with defendant Mian following her complaint of an offensive and sexual touching by defendant Mian in the workplace at St. Joseph's Medical Center. Defendant Franciscan Health System allowed defendant Mian to remain in the workplace after the offensive and sexual touching, which resulted in serious and substantial emotional distress and trauma to plaintiff Nixon. Defendant Franciscan Health System insisted that plaintiff Nixon return to the workplace to receive results of its investigation, without informing plaintiff Nixon of those results, or taking action to ensure that plaintiff Nixon would not encounter defendant Mian in the workplace, resulting in further emotional distress and trauma to plaintiff Nixon. After several months of failing to protect or inform plaintiff Nixon regarding her complaint concerning defendant Mian, defendant Franciscan Health System finally represented to plaintiff Nixon

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

that it had conducted an "inconclusive" investigation of her complaint, but failed to interview any person regarding her complaint other than defendant Mian, who denied engaging in the "behavior" at issue.

17. Defendant Franciscan Health System failed to take any disciplinary or remedial action against defendant Mian in his capacity as a contract physician at St. Joseph's Medical Center in response to plaintiff Nixon's complaint regarding the offensive and sexual touching by defendant Mian on January 12, 2010.

18. Because defendant Franciscan Health System failed to take any appropriate remedial action in response to plaintiff Nixon's complaint, plaintiff Nixon was left with no alternative but to resign from her position of employment at St. Joseph's Medical Center. The failure by defendant Franciscan Health System to either remove defendant Mian from the workplace, or to take any action to ensure that plaintiff Nixon would not encounter defendant Mian in the workplace, created conditions in the workplace so intolerable that plaintiff Nixon could not return to her employment at St. Joseph's Medical Center, thereby resulting in her constructive discharge from defendant Franciscan Health System on or about April 23, 2010.

First Cause of Action
Violation of 42 U.S.C. § 2000e-2(a)

19. Paragraphs 1 through 18 as set out above are incorporated by reference herein.

20. Defendant Franciscan Health System engaged in unlawful employment practices at its Tacoma, Washington facility in violation of § 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) by failing to take prompt and appropriate remedial action in response to plaintiff Nixon's complaint of hostile work environment sexual harassment, including but not limited to failing to conduct a prompt, adequate and appropriate investigation of plaintiff Nixon's complaint, failing to take any action to ensure that plaintiff Nixon would be protected from contact with defendant Mian either during the pendency of its

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 7

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

investigation or upon a return to the workplace following her medical leave, and failing to take any disciplinary or remedial action against defendant Mian in his capacity as a contract physician at St. Joseph's Medical Center.

21. The effect of the practices complained of in paragraph 20 above has been to deprive plaintiff Nixon of equal employment opportunities and otherwise adversely affect her status as an employee of defendant Franciscan Health System because of her sex, and to cause plaintiff Nixon to be constructively discharged from her employment with defendant Franciscan Health System.

22. The unlawful employment practices complained of in paragraph 20 above were intentional.

23. As a direct and proximate result of the violation of 42 U.S.C. § 2000e-2(a) by defendant Franciscan Health System, plaintiff Nixon has incurred and will to continue to incur damages for lost wages and benefits, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

24. Defendant Franciscan Health System is also liable for an assessment of punitive damages, due to its violation of 42 U.S.C. § 2000e-2(a), and its malicious and reckless conduct in doing so, in an amount to be proven at trial.

Second Cause of Action
Violation of RCW 49.60.180

25. Paragraphs 1 through 24 as set out above are incorporated by reference herein.

26. Jurisdiction of this court is invoked for this claim under provisions of 28 U.S.C. § 1367.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 8

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

27. RCW 49.60.180 provides in pertinent part that "it is an unfair practice for any employer... to discharge or bar any person from employment..." or "to discriminate against any person in compensation or in other terms or conditions of employment because of ... sex..."

28. By subjecting plaintiff Nixon to different terms and conditions of employment because of her sex, including failing to take prompt and appropriate remedial action in response to plaintiff Nixon's complaint of hostile work environment sexual harassment, defendant Franciscan Health System violated RCW 49.60.180.

29. RCW 49.60.040(11) provides as follows: "'Employer' includes any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons, and does not include any religious or sectarian organization not organized for private profit."  Any exclusion of defendant Franciscan Health System from the definition of an "employer" as a "religious or sectarian organization not organized for private profit," for purposes of the present claim under RCW 49.60.180, would be and is violative of the rights enjoyed by plaintiff Nixon under the First and Fourteenth Amendments to the U.S. Constitution.

30. As a direct and proximate result of the violation of RCW 49.60.180 by defendant Franciscan Health System, plaintiff Nixon has incurred and will to continue to incur damages for lost wages and benefits, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

Third Cause of Action
Battery

31. Paragraphs 1 through 30 as set out above are incorporated by reference herein.

32. Jurisdiction of this court is invoked for this claim under provisions of 28 U.S.C. § 1367.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 9

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

33. On January 12, 2010, defendant Atif Mian engaged in an intentional act resulting in harmful or offensive contact with a person when he touched plaintiff Nixon in an offensive and sexual manner while plaintiff Nixon was in her workplace at St. Joseph's Medical Center. Defendant Mian intended to commit an offensive touching when he committed the act described herein, and plaintiff Nixon did not consent to the offensive touching committed by defendant Mian.

34. The actions by defendant Mian described herein constituted a battery, under the common law of the State of Washington, and defendant Mian is civilly liable for all damages which have occurred and which will continue to occur as a result of said actions.

35. As a direct and proximate result of the battery committed by defendant Mian, plaintiff Nixon has incurred and will to continue to incur damages for lost wages and benefits, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

WHEREFORE plaintiff prays for the following relief to be granted:

1. That plaintiff be awarded damages against defendants Franciscan Health System and Atif Mian for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

2. That plaintiff be awarded punitive damages against defendant Franciscan Health System in an amount shown to be appropriate at trial.

3. That plaintiff be awarded costs, interest and attorneys fees, as provided by applicable law.

4. That such and other further relief as may be deemed appropriate by this court be granted.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 10

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax

**PURSUANT TO F.R.C.P. 38, PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 9th day of March, 2011.

By:   /s/ Terry A. Venneberg
       Terry A. Venneberg
       WSBA No. 31348
       3425 Harborview Drive
       Gig Harbor, Washington 98332
       Telephone: (253) 858-6601
       Fax: (253) 858-6603
       E-mail: tavlaw@qwest.net

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 11

**Terry A. Venneberg**
Attorney at Law
3425 Harborview Drive
Gig Harbor WA 98332
(253) 858-6601
(253) 858-6603 fax