UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHRYNE E. NIXON,<br><br>    Plaintiff,<br><br> v.<br><br>FRANCISCAN HEALTH SYSTEM; and ATIF MIAN,<br><br>    Defendants. | CASE NO. C11-5076BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTER CLAIM |

This matter comes before the Court on Plaintiff's ("Nixon") motion to dismiss Defendant Atif Mian's ("Mian") counterclaim. Dkt. 15. The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 30, 2011, Nixon filed the instant motion to dismiss Mian's counterclaim alleging intentional defamation. Dkt. 15 (citing Mian's Answer to the Complaint, Dkt. 14 ¶ 1). On April 18, 2011, Defendants opposed the motion. Dkt. 17. On April 20, 2011, Nixon replied.

## II. FACTUAL BACKGROUND

This is a sexual discrimination case brought by Nixon pursuant to 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Washington Law Against Discrimination. Amended

ORDER - 1

Complaint (Dkt. 11) ¶ 1.  Among other things, Nixon alleges that Mian touched her in an inappropriate way that constitutes battery under Washington common law. In opposition, Mian denies the allegations and counterclaims for defamation. Answer to Amended Complaint ¶ 1.

### III.  DISCUSSION

**A.    12(b)(6) Standard**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**B.    Nixon's Motion to Dismiss Under 12(b)(6)**

Nixon moves to dismiss Mian's counterclaim on the basis that he has not alleged sufficient facts to support his defamation counterclaim. *Eg.*, Dkt. 19 at 2. In opposition, Mian contends that he has alleged sufficient facts by pleading the inverse of and relying on the facts of Nixon's pleadings. *Compare* Dkts. 1, 10-12, 14.

In opposition to Mian's counterclaim, Nixon argues that Mian admits that his "only basis for even attempting to bring a claim for defamation against Nixon is the fact

ORDER - 2

that she has alleged battery in this lawsuit." Dkt. 19 at 2 (emphasis removed). However, Mian is not basing his counterclaim on the simple fact that Nixon has alleged battery; rather, he bases his counterclaim on the basis that Nixon falsely alleges battery.

Taking the pleadings before the Court as a whole, Mian has sufficiently alleged his counterclaim for purposes of defeating Nixon's motion to dismiss the counterclaim.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Nixon's motion to dismiss Mian's counterclaim (Dkt. 15) is **DENIED**.

DATED this 10th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3