UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHRYN E. NIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANCISCAN HEALTH SYSTEM, and ATIF MIAN,<br><br>        Defendants. | No. 3:11-cv-05076-BHS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Note on Motion Calendar: June 27, 2011 |

Plaintiff Kathryn E. Nixon and Defendants Franciscan Health System ("FHS") and Atif Mian (hereinafter "the Parties") hereby stipulate, pursuant to Fed. R. Civ. P. 26(c) and subject to approval and entry by the Court, as follows:

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, narrowly defined below, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would otherwise be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 1

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. DEFINITIONS

2.1 **PARTY**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 **DISCLOSURE OR DISCOVERY MATERIAL**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 **CONFIDENTIAL INFORMATION OR ITEMS**: Information (regardless of how generated, stored or maintained) or tangible things that contain the following types of information qualifying for protection under Washington law and under the standards developed under Fed. R. Civ. P. 26(c) and the protection of which outweighs the public's right of access:

- Individuals' social security numbers, personal identification numbers, driver's license numbers, dates of birth, home addresses, and home and cellular telephone numbers, the public disclosure of which could subject the individuals at issue to identity theft, invasion of privacy, and harassment.
- Information regarding rates of pay, earnings, performance evaluations, discipline, complaints, investigations, and statements related to the same, particularly regarding third parties who are not Parties to this litigation, the public disclosure of which could subject such individuals to invasion of privacy and public embarrassment;
- Bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account, the

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 2

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1  public disclosure of which could subject the holder of the account to theft or
2  identity theft;
3  • Medical and psychological information, such as medical and psychological
4  records, medical and psychological treatment, and medical and psychological
5  conditions, subject to protection from public disclosure under federal law,
6  including the confidentiality provisions of the Health Insurance Portability and
7  Accountability Act and the Genetic Information Nondiscrimination Act;
8  • Highly sensitive business information, the public disclosure of which is
9  reasonably likely to damage the competitive position of a business, such as patent
10 applications, trade secrets, proprietary information, profit and loss statements,
11 confidential customer lists, confidential contracts, and merchandising and
12 marketing plans.

The term "Confidential Information" does not include information that is in the public domain at the time of disclosure.

2.4  **RECEIVING PARTY**: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5  **PRODUCING PARTY**: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6  **DESIGNATING PARTY**: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7  **PROTECTED MATERIAL**: Any Disclosure or Discovery Material that is designated as "Confidential."

2.8  **OUTSIDE COUNSEL**: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9  **HOUSE COUNSEL**: Attorneys who are employees of a Party.

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

2.10 **COUNSEL (WITHOUT QUALIFIER)**: Outside Counsel and House Counsel (as well as their support staffs).

2.11 **EXPERT**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party.

2.12 **PROFESSIONAL VENDORS**: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### IV. DESIGNATING PROTECTED MATERIAL

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those documents, materials, items, or oral or written communications that qualify, so that other documents, materials, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 4

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

4.2.1 <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the bottom of each page that contains Protected Material.

4.2.2 <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identified on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 5

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

proceeding is concluded) a right to have up to 30 days following receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

        4.2.3   <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

    4.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    5.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

conferring directly (in person or by phone) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3   Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion for this purpose, subject to the applicable Civil Rules and the Court's Orders governing pretrial motions.

5.4   Status Pending Resolution of Dispute. Any disputed document or information must be treated as protected under this Order until entry of a court order ruling otherwise.

## VI.   ACCESS TO AND USE OF PROTECTED MATERIAL

6.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only in connection with this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section IX, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

6.2.1   The Receiving Party's Outside Counsel of record and House Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information in connection with this litigation;

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 7

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

    6.2.2 The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary in connection with this litigation;

    6.2.3 Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary in connection with this litigation;

    6.2.4 The Court, its personnel, and any other individual or entity specifically authorized by the Court to view such Protected Material;

    6.2.5 Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary in connection with this litigation;

    6.2.6 During their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    6.2.7 The author of the document, the employee to which the document or data relates, or the original source of the information.

## VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order.

## VIII. FILING PROTECTED MATERIAL

This Stipulated Protective Order does not govern the disclosure of documents and information in the court files or at trial. Whether Protected Material should be sealed or redacted in the Court's records or at trial will be determined by the Court on its own motion or upon motion of the Parties, following the procedures set forth in the applicable Court rules. The

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

Parties will meet and confer when they prepare their joint pretrial statement and exhibit lists to determine which documents and material should be presented to the Court for possible sealing or redaction.

## IX. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (DURATION), above.

## X. MISCELLANEOUS

10.1 <u>Right to Further Relief</u>. This Order may not be modified by agreement of the parties without the Court's signature of approval. Notwithstanding, nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 9

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1 no Party waives any right to object on any ground to use in evidence of any of the material
2 covered by this Protective Order.
3     10.3    The Court may, sua sponte, after notice to the parties and an opportunity to be
4 heard, change the terms of this Protective Order.

    IT IS SO ORDERED this 30th day of June, 2011.

    _____
    BENJAMIN H. SETTLE
    United States District Judge

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 10

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

**STIPULATION OF THE PARTIES**

Dated this 27th day of June, 2011.

By: _s/ Terry A. Venneberg (by email authorization of June 23, 2011)_____
Terry A. Venneberg, WSBA #31348
Attorney at Law
3425 Harborview Drive
Gig Harbor, WA 98332
Email: tavlaw@qwest.net
Telephone: (253) 858-6601
Facsimile: (253) 858-6603

*Attorney for Plaintiff*

By: _s/ Karin D. Jones_____
Keelin A. Curran, WSBA #16258
Karin D. Jones, WSBA #42406
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Email: kacurran@stoel.com
Email: kdjones@stoel.com
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

*Attorneys for Defendant FHS*

By: _s/ Steven F. Fitzer (by email authorization of June 23, 2011)_____
Steven F. Fitzer, WSBA #6792
Fitzer Leighton & Ayers LLC
1145 Broadway, Suite 610
Tacoma, WA 98402
Email: steve@theflafirm.com
Telephone: (253) 683-4511
Facsimile: (253) 627-8928

*Attorney for Defendant Mian*

STIPULATED PROTECTIVE ORDER
Case No. 3:11-cv-05076- BHS - 11

70763786.1 0074117-00060

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*